**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDWARD LAROCCO, <br> on behalf of plaintiff and a class, <br><br> Plaintiff, <br><br> vs. <br><br> ANDREWS AND COX, P.C., <br> doing business as BLEECKER BRODEY <br> & ANDREWS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT – CLASS ACTION

1. Plaintiff Edward Larocco brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Andrews and Cox, P.C., doing business as Bleecker Brodey & Andrews ("Bleecker"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

1

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant does or transacts business within this District.

## PARTIES

9. Plaintiff Edward Larocco is an individual who resides in the Northern District of Illinois.

10. Defendant Bleecker is a law firm organized as an Indiana corporation with principal offices at 9247 N. Meridian Street, Suite 101, Indianapolis, IN 46269. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

11. Bleecker is engaged in the business of using the mails and telephone to collect consumer debts owed to others.

12. Bleecker has a web site (http://www.bbanda.com) on which it states: "Andrews & Cox, P.C. d/b/a Bleecker Brodey & Andrews was formed in 1980, giving us more than 30 years experience in collection, foreclosure, and creditor's rights in bankruptcy."

13. Bleecker is a debt collector as defined in the FDCPA.

## FACTS

14. On July 6, 2018, Bleecker sent plaintiff the letter attached as <u>Exhibit A</u>.

15. <u>Exhibit A</u> is the initial letter plaintiff received from Bleecker concerning the debt described therein.

16. On information and belief, <u>Exhibit A</u> is a form letter used by Bleecker as the initial letter it sends to a consumer concerning a debt.

17. <u>Exhibit A</u> seeks to collect a second mortgage loan debt, allegedly incurred for personal, family or household purposes and not for business purposes.

18. <u>Exhibit A</u> states: "Total Balance Due: $86,403.97 (Principal, as of the date of this letter)".

19. <u>Exhibit A</u> is ambiguous as to whether the total amount sought is $86,403.97 or whether the alleged principal balance outstanding is $86,403.97.

20. The body of the letter states:

    a. That the alleged owner of the debt "alleges you owe the sum shown above."

    b. If you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the funds for collection."

21. If the $86,403.97 represents the total amount of the debt, and no interest or other charges are being added, there is no reason for any "adjustment."

22. Plaintiff could not determine from the letter whether Bleecker was seeking $86,403.97 or some larger sum.

## COUNT I – FDCPA

23. Plaintiff incorporates paragraphs 1-22.

24. Defendant violated 15 U.S.C. §1692g(a), by sending a letter which failed to clearly state the amount of the debt.

3

25. Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

    **(1) the amount of the debt;**

    **(2) the name of the creditor to whom the debt is owed;**

    **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

    **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

    **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .**

## CLASS ALLEGATIONS

26. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

27. The class consists of (a) all individuals (b) to whom Bleecker sent a letter, (c) referring to a balance due as "principal, as of the date of this letter", (d) and stating that "an adjustment may be necessary after we receive your payment," (e) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

28. On information and belief, based on the use of a form letter, the class is so numerous that joinder of all members is not practicable.

29. There are questions of law and fact common to the class members, which

common questions predominate over any questions relating to individual class members. The predominant common question is whether defendant's letter violates the FDCPA.

30. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

31. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

32. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Tiffany N. Hardy
David Kim
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

C:\Users\CRivas\Desktop\Complaint_Pleading.wpd

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)